IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN CARTER BRADLEY,

        Plaintiff,

vs.                             Case No. 20-3082-SAC

DONALD ASH, et al.,

        Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging claims arising from the laceration of his right thumb and other incidents during his incarceration at the Wyandotte County Detention Center.[1] He brings this case pursuant to 42 U.S.C. § 1983. This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v.

---

[1] Plaintiff recently moved to the Johnson County Detention Center. See Doc. No. 18.

Pardus, 551 U.S. 89, 94 (2007).  But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court may also consider the exhibits attached to the complaint.  Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  Id. (quoting Twombly, 550 U.S. at 557).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights.  Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations.  They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's initial complaint (Doc. No. 1) and initial supplement (Doc. Nos. 4 and 10) with exhibits

Plaintiff's initial complaint lists the following defendants: Donald Ash, Wyandotte County Sheriff; D.D., a nurse at the detention center; Ms. Jones, a sheriff's officer at the detention center; Mr. David LNU, a maintenance worker at the detention center; and unnamed defendants ("John Does") working as nurses at the detention center.

Plaintiff alleges that he had been assigned for over a year to a cell with a faulty latching mechanism that prevented the door from closing automatically. The door had to be closed manually. On January 13, 2020, plaintiff wrote a grievance against defendant Jones and he showed the grievance to her. Plaintiff alleges this made defendant Jones angry. A week later, according to plaintiff, on January 20, 2020, defendant Jones slammed his cell door on plaintiff's thumb causing injury and significant pain. Plaintiff claims this was intentional.

Thereafter, when Jones needed to slam the door, she would warn plaintiff. Plaintiff claims that he knows Jones slammed the door on his thumb intentionally because she said at lunch some hours before the incident that she noticed plaintiff's routine when walks to his cell and asks for the cell door to be shut.

4

Plaintiff asserts that he suffered great pain. He claims: that medical treatment was delayed and administered indifferently; that he bled significantly; that the injury became infected because common disinfectants were not used; that the thumb looks deformed; and that he cannot bend the thumb the same.

A timeline of plaintiff's care is not clear from the pleadings. But, it appears that plaintiff was seen by medical staff, x-rays were taken, a schedule of treatment was started, and bandages were applied. Plaintiff alleges that he was seen for treatment four or five times. Doc. No. 1, p. 8. He asserts that he was taken off pain relievers on February 10, 2020. His exhibits indicate that he was placed back on pain medication on February 19, 2020. Plaintiff alleges that the reinstatement of pain medication was delayed.

Finally, plaintiff claims that he was racially mocked and otherwise ridiculed by medical staff.

III. Rulings

A. Original complaint

To allege a claim under § 1983, a plaintiff must show that his rights under the Constitution or laws of the United States have been violated. West v. Atkins, 487 U.S. 42, 48 (1988). Negligence or carelessness, which is often alleged in plaintiff's pleadings, is not grounds for a § 1983 claim. Rost ex rel. K.C. v. Steamboat Springs RE-2 School Dist., 511 F.3d 1114, 1126 (10th

Cir. 2008); Weimer v. Schraeder, 952 F.2d 336, 338 n.2 (10th Cir. 1991).

Plaintiff's allegations in the original complaint appear to be claiming that his Eighth Amendment rights against cruel and unusual punishment were violated when his hand was shut in the cell door and when he was denied certain medical care for his injured thumb.

Individual liability of a defendant for a § 1983 violation requires personal involvement in the alleged constitutional violation, causation of the plaintiff's injury, and the requisite state of mind. Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 768-69 (10th Cir. 2013). A plaintiff may not seek to impose liability upon a defendant merely because of that person's supervisory position or because he rejected a grievance or ignored a complaint. See Porro v. Barnes, 624 F.3d 1322, 1327 (10th Cir. 2010); Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009). Nor may a defendant be found liable for an Eighth Amendment violation unless that person's state of mind was such that he or she acted with deliberate indifference to the risk of substantial injury. In other words, it must be alleged that the defendant was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Self v. Crum, 439 F.3d 1227, 1231

(10th Cir. 2006)(quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Plaintiff does not allege facts showing that defendant Ash was personally involved in the alleged violation of plaintiff's Eighth Amendment rights, that defendant Ash caused plaintiff's injuries, or that defendant Ash acted or refused to act with deliberate indifference to a risk of serious harm to plaintiff. The same is true as to defendant David LNU, a maintenance worker who did not fix the faulty door. Therefore, it appears that these two defendants should be dismissed.

As for defendant D.D., plaintiff's allegations lack the detail necessary to state a claim. Plaintiff alleges that D.D. was the head nurse during the time in question. The complaint fails to describe what D.D. did or failed to do in the treatment of plaintiff's thumb and fails to show that D.D. performed with deliberate indifference. The allegations appear comparable to what was discussed in Walker, 947 F.3d 1249-50. D.D. is barely mentioned in the complaint and many times in the complaint plaintiff lumps together medical personnel or jail personnel without distinguishing what actions are attributable to particular persons. As in Walker, the court must find that plaintiff's allegations fail to state a constitutional claim for the denial of medical care against D.D.

Plaintiff generally alleges that the course of treatment he received was inadequate.  His disagreement with the actions of the medical personnel treating him, however, does not rise to the level of a constitutional claim.  See Arriaga v. Roberts, 2020 WL 2037218 *1 (10th Cir. 4/28/2020)(disagreement over medication); Morris v. Fallin, 798 Fed.Appx. 261, 270 (10th Cir. 2020)(disagreement over need for foam wedge or mattress); Dawson v. Archambeau, 763 Fed.Appx. 667, 672 (10th Cir. 2019)(disagreement over hepatitis C treatment); Rascon v. Douglas, 718 Fed.Appx. 587, 591 (10th Cir. 2017)(disagreement over pain medication); Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010)(same); see also Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)("the medical judgment of the physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim").

Defendant Jones is alleged to have slammed the cell door on plaintiff's hand.  Plaintiff states that defendant Jones acted intentionally to harm plaintiff.  But, he alleges no facts to support this conclusion. He only claims that defendant Jones told him before the injury that she knew plaintiff's habits and customs when he walked in his cell.  This is not sufficient to suggest more than a mere possibility that Jones acted with the subjective intent to injure plaintiff or in reckless disregard of the substantial risk of serious injury to plaintiff.  See Lane v. Roberts, 2007 WL 3171501 *3 (D.Kan. 10/24/2007)(screening out an

excessive force claim against prison guard alleged to have kicked shut a food pass box causing injury to the plaintiff's hand).

Plaintiff also names "John Doe" defendants who are described as nurses at the Wyandotte County Jail. But, he does not state specifically what John Doe #1 or John Doe #2, for instance, did or omitted doing in violation of plaintiff's constitutional rights. Plaintiff's allegations are insufficient to identify a defendant so that fair notice is given of a claim or so that process can be served. See Mayfield v. Presbyterian Hospital Administration, 772 Fed.Appx. 680, 686 (10th Cir. 2019); Robbins, 519 F.3d at 1250.

Some of plaintiff's allegations against the John Doe defendants concern claims of racial mockery or other verbal harassment. While this behavior may be unprofessional and inappropriate, the Tenth Circuit has held that it does not amount to a constitutional violation. See Moore v. Morris, 116 Fed.Appx. 203, 205 (10th Cir. 2004)(racial epithet); McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001)(threats and taunts); Williams v. Levansailor, 1998 WL 426865 *1 (10th Cir. 7/21/1998)(racist joke).

B. Supplement to the complaint – Doc. Nos. 4 and 10

Plaintiff has filed identical pleadings docketed as a supplement to the complaint and a motion to supplement the complaint. The supplement suffers from the same deficiencies as described in the previous section of this order. Plaintiff alleges

9

negligence and a disagreement over the course of treatment as opposed to deliberate indifference to a serious medical need. Plaintiff fails to identify persons who personally participated in his medical treatment and fails to specify what those persons did or failed to do.

The supplement appears to seek to add a claim regarding interference with plaintiff's mail. Plaintiff, however, does not identify a defendant and describe specifically what that person did to interfere with plaintiff's mail. Nor does plaintiff describe a specific injury caused by interference with his mail. Joinder of this claim also appears improper because it involves different circumstances and parties. "While joinder is encouraged for purposes of judicial economy, the 'Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues.'" Golston v. Correct Care Solutions, 2012 WL 2119983 *3 (D.Kan. 6/11/2012)(quoting Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)).

The court shall deny plaintiff's motion to supplement without prejudice because plaintiff's supplemental allegations do not state a plausible claim for relief, do not give fair notice to defendants of plaintiff's claims, and seek to improperly join new claims to the complaint.

negligence and a disagreement over the course of treatment as opposed to deliberate indifference to a serious medical need. Plaintiff fails to identify persons who personally participated in his medical treatment and fails to specify what those persons did or failed to do.

The supplement appears to seek to add a claim regarding interference with plaintiff's mail. Plaintiff, however, does not identify a defendant and describe specifically what that person did to interfere with plaintiff's mail. Nor does plaintiff describe a specific injury caused by interference with his mail. Joinder of this claim also appears improper because it involves different circumstances and parties. "While joinder is encouraged for purposes of judicial economy, the 'Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues.'" Golston v. Correct Care Solutions, 2012 WL 2119983 *3 (D.Kan. 6/11/2012)(quoting Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)).

The court shall deny plaintiff's motion to supplement without prejudice because plaintiff's supplemental allegations do not state a plausible claim for relief, do not give fair notice to defendants of plaintiff's claims, and seek to improperly join new claims to the complaint.

C. Motion to supplement the complaint – Doc. No. 19

Plaintiff's most recent filing is a motion to supplement the complaint. In this pleading, plaintiff complains that he has been told by defendant D.D. to purchase pain medication from the commissary and that responses to his grievances are inaccurate. Plaintiff further asserts that he was denied or given limited access to a source for legal material by a Sheriff's officer named Town because plaintiff filed a civil rights complaint. And he complains of what he characterizes as a racial slur.

Plaintiff does not attempt to describe facts or cite legal authority indicating that these claims rise to the level of a constitutional violation. He does not allege facts showing that D.D.'s decisions regarding pain medication were made with deliberate indifference to a serious medical need. Further, he does not allege the responses to his grievances were a denial of due process. See Tapp v. Proto, 404 Fed.Appx. 563, 566 (3rd Cir. 2010)(no constitutional right to a grievance procedure); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)(state inmate grievance procedures do not give rise to a liberty interest protected by Due Process clause); Watson v. Evans, 2014 WL 7246800 *7 (D.Kan. 12/17/2014)(failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts).

The motion to supplement does not demonstrate that plaintiff's access to the courts was substantially harmed by the limits upon his use of legal material.[2] Nor does plaintiff describe facts showing that this alleged retaliation was sufficient to chill an ordinary person from engaging in this litigation. See Mocek v. City of Albuquerque, 813 F.3d 912, 930 (10th Cir. 2015)(to state a First Amendment retaliation claim, plaintiff must allege among other things that the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity)(internal quotation omitted). Finally, as already noted, the use of a racial slur is certainly deplorable, but not of constitutional significance.

D. Miscellaneous filings

Plaintiff has filed numerous notices or declarations which the court has reviewed prior to filing this order. See Doc. Nos. 5, 7, 8, 9, 11, 12, 13, 14, 16, and 17. The court will not consider new allegations which are not part of the complaint or supplement to the complaint. But, plaintiff will have an opportunity to amend the complaint.

---

[2] In order to bring a civil rights claim under § 1983 for the denial of a right of access to the courts, plaintiff must allege an actual injury or an imminent actual injury because of the loss or frustration of a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 351-53 (1996).

12

Some of these pleadings refer to payment of the partial filing fee. The court will extend the time to pay the partial filing fee to June 12, 2020. Plaintiff should be aware that payment of the partial fee does not relieve plaintiff of the obligation to pay the full fee, as the court stated in Doc. No. 6. The court has informed the finance office at the Wyandotte County Detention Center of the partial filing fee assessment and the other provisions of Doc. No. 6.

E. Motion for subpoena

Plaintiff has filed a motion for subpoenas to be issued to two officers involved in an incident which is not part of the allegations in the original complaint or the supplement. Doc. No. 15. The court shall not grant this motion because it is premature and not relevant to the allegations of the complaint. The motion is denied without prejudice.

IV. Conclusion

For the above-stated reasons, the court believes that the complaint fails to state a federal claim for relief against the named defendants. Plaintiff's efforts to supplement the complaint, including Doc. Nos. 10 and 19, are denied without prejudice. Plaintiff's motion for subpoenas (Doc. No. 15) is denied without prejudice. The court shall direct that plaintiff by June 15, 2020 show cause why plaintiff's federal claims should not be dismissed as explained in this order. In the alternative,

plaintiff may file an amended complaint by June 15, 2020 which corrects the deficiencies discussed herein.  An amended complaint supersedes the original complaint and must contain all of the claims upon which plaintiff wishes to proceed.  An amended complaint should not refer back to the original complaint.  Plaintiff is granted time until June 15, 2020 to pay the initial partial filing fee.  The Clerk is directed to inform the finance office of plaintiff's current detention center of the court's partial filing fee order.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2020, at Topeka, Kansas.

s/Sam A. Crow _____
Sam A. Crow, U.S. District Senior Judge