IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN CARTER BRADLEY,

           Plaintiff,

vs.                                   Case No. 20-3082-SAC

DONALD ASH, et al.,

           Defendants.

## <u>O R D E R</u>

On May 15, 2020, the court issued an order (Doc. No. 20) screening plaintiff's original complaint and responding to other filings which preceded the screening order.  The court considered plaintiff's claims: that on January 20, 2020 a defective cell door was slammed on his thumb causing a laceration, loss of function, and significant pain; that the medical care for his injury was delayed and inadequate; and that he was racially mocked and ridiculed by medical staff.  These claims arise from plaintiff's incarceration at the Wyandotte County Jail.

The court held, among other rulings, that:  any claim regarding a failure to repair the door, negligence in shutting the door, or negligence in administering medical care failed to state a claim under 42 U.S.C. § 1983; that some defendants were not alleged to be personally involved in the alleged violation of plaintiff's Eighth Amendment rights as required for § 1983

1

liability; that plaintiff's allegations lacked the factual detail necessary to describe what a defendant did or failed to do and how a defendant acted with deliberate indifference in violation of the Eighth Amendment; that generally a disagreement over the course of medical treatment, such as the administration of pain medication, does not state a claim under § 1983; that the facts stated in the original complaint did not plausibly allege an intentional or reckless act to injure plaintiff; that plaintiff had not alleged an access to the courts claim; that plaintiff's claims regarding the jail's grievance procedure could not demonstrate a constitutional violation; and that plaintiff's claim of mockery and ridicule was not of constitutional dimension.

The court gave plaintiff time to show cause why his complaint stated a plausible claim or to file an amended complaint.  In response plaintiff has filed a motion for leave to file an amended complaint, (Doc. No. 21) and a motion to supplement the complaint (Doc. No. 27).  The court reviews these pleadings under the standards for <u>pro se</u> pleadings and screening complaints set forth in Doc. No. 20 at pp. 1-3.

### Motion to amend

The motion for leave to file an amended complaint seeks to bring a claim against a Sheriff's officer named Ming who plaintiff alleges caused pain to plaintiff's injured thumb on April 24, 2020, when he handcuffed plaintiff.  Plaintiff alleges that Ming's

actions caused some swelling of the thumb and pain.   The motion
for leave to amend also references two "John Doe" defendants as
not mailing two envelopes concerning a civil rights complaint.
Finally, the motion names a "Nurse Natilee" and a "Nurse Lorra" as
defendants and appears to claim that messages to them that
plaintiff needed a bandage change or medical treatment were not
responded to.

Plaintiff's motion for leave to file an amended complaint is
procedurally flawed because, contrary to Local Rule 15.1(1)(2),
plaintiff has not attached a proposed amended complaint.[1]   More
substantively, the motion is also flawed because plaintiff fails
to allege facts which demonstrate a plausible claim under § 1983.
See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004)(the
court may deny leave to amend where the amendment would be futile,
that is if the complaint as amended would be subject to dismissal).
The motion to amend fails to describe a plausible claim for the
following reasons.

First, plaintiff does not allege facts plausibly showing that
defendant Ming acted with deliberate indifference to plaintiff's
Eighth Amendment rights when he handcuffed plaintiff.   Plaintiff

---

[1] This is important because as the court stated in the first screening order,
"[a]n amended complaint supersedes the original complaint and must contain all
of the claims upon which plaintiff wishes to proceed.  Doc. No. 20, p. 14; see
also Davis v. TXO Prod. Corp., 929 F.2d 1515, 1517 (10th Cir. 1991)(the filing
of Plaintiff's Amended Complaint "supersedes the original and renders it of no
legal effect").

only alleges that Ming handcuffed plaintiff in a manner that caused some pain to plaintiff's injured thumb and plaintiff's wrist. Second, plaintiff does not allege that his access to the courts has been violated or that he has suffered any other injury because of a mailing obstacle.[2]   Finally, plaintiff's allegation that a message to change a bandage was not delivered or acted upon fails to plausibly allege facts showing either reckless indifference or a substantial risk of injury.  Therefore, it fails to state a claim for an Eighth Amendment violation.  See <u>Self v. Crum</u>, 439 F.3d 1227, 1231 (10th Cir. 2006); see also cases cited herein at pp. 5-6.

<u>Motion to supplement</u>

Plaintiff's motion to supplement (Doc. No. 27) appears to argue that defendants should be found liable for violating § 1983 for assorted reasons:  failure to repair the cell door; the serious pain plaintiff suffered from his injured thumb; failure to take plaintiff to the hospital; failure to give plaintiff a tetanus shot; failure to change plaintiff's bandages which became bloody and wet; taking plaintiff off pain medication; and causing pain to plaintiff by squeezing his hand.

---

[2] In order to bring a civil rights claim under § 1983 for the denial of a right of access to the courts, plaintiff must allege an actual injury or an imminent actual injury because of the loss or frustration of a nonfrivolous legal claim. See <u>Lewis v. Casey</u>, 518 U.S. 343, 351-53 (1996).

These allegations fail to cure the deficiencies in the original complaint for the following reasons.  First, plaintiff's claim regarding a failure to repair the cell door is a claim of negligence which is not grounds for making a § 1983 claim.  See Rost ex rel. K.C. v. Steamboat Springs RE-2 School Dist., 511 F.3d 1114, 1126 (10th Cir. 2008); Weimer v. Schraeder, 952 F.2d 336, 338, n.2 (10th Cir. 1991).  Second, the records submitted and the allegations made by plaintiff show that plaintiff received medical attention for his injured thumb on multiple occasions.  Plaintiff received an ice pack (Doc. No. 27, p.3), an x-ray (Doc. No. 4-1, p. 1 and Doc. No. 19, p. 4), pain and wound medications (Doc. No. 4-1, p. 1 and Doc. No. 4-1, p. 7), instructions relating to his bandaging (Doc. No. 4-1, p. 5), and advice to purchase over-the-counter pain medication (Doc. No. 19, p. 4).  Plaintiff has not alleged facts showing deliberate indifference to a substantial risk of serious harm.  He has alleged facts demonstrating a difference of opinion regarding the level of care plaintiff should receive.  Such differences in opinion regarding pain medication, bandaging and tetanus shots do not describe an Eighth Amendment claim.  See Arriaga v. Roberts, 2020 WL 2037218 *1 (10th Cir. 4/28/2020)(disagreement over medication); Rascon v. Douglas, 718 Fed.Appx. 587, 591 (10th Cir. 2017)(disagreement over pain medication); Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010)(same); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir.

1990)(disagreement over frequency of bandage changes);  Aicher v. New Mexico Dept. of Corrections, 2019 WL 825730 *4 (D.N.Mex. 2/21/2019)(failure to change bandages for about seven days); James v. Correct Care Solutions, 2013 WL 5730176 *7 (S.D.N.Y. 10/21/2013)(failure to change burn wound bandages on six occasions); Thomas v. Westchester County, 2013 WL 3357171 *5 (S.D.N.Y. 7/3/2013)(failure to change bandages on "numerous occasions" does not demonstrate subjective component of Eighth Amendment violation); Ingram v. Ritcher, 2014 WL 2861202 *6 (D.N.J. 6/24/2014)(disagreement over tetanus shot); Daniels v. Carter, 2014 WL 1875165 *2-3 (M.D.Ga. 5/9/2014)(failure to give requested tetanus shot); Simmons v. Smith, 2014 WL 1248163 *5 (W.D.La. 3/26/2014)(denial of tetanus shot).  Plaintiff's claim regarding a nurse painfully squeezing plaintiff's hand also fails to plausibly allege reckless disregard of a substantial risk of serious injury.

In addition, plaintiff does not allege facts in his motion to supplement showing the personal involvement of specific defendants in denying plaintiff medical care.  The first screening order explained the importance of alleging personal involvement at pp. 6-7 and p. 9.

For the above-stated reasons, plaintiff's motion to supplement does not show cause why plaintiff's claims should continue forward.

Motions to appoint counsel

Plaintiff has filed two motions for appointment of counsel. Doc. Nos. 22 and 26. Upon review, these motions shall be denied.

The court may not order an attorney to take a § 1983 case; instead the court can only request that an attorney do so. Rachel v. Troutt, 820 F.3d 390, 396 (10th Cir. 2016). In deciding whether to make such a request or appointment, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)). Here, the court understands that plaintiff faces some obstacles in presenting the facts and law concerning his case. But, this is a relatively simple case and it appears that plaintiff is capable of alleging the facts, understanding the court's orders, and doing some legal research. For the reasons already explained by the court, plaintiff's allegations do not state a plausible federal claim for relief. Appointing counsel would not appear likely to change this conclusion. The court notes that one of plaintiff's motions for

7

appointment of counsel (Doc. No. 26) indicates that plaintiff knows an attorney willing to represent plaintiff.  If that is so, the attorney could have entered an appearance in this case without an order appointing him to represent plaintiff.  Considering all of the circumstances, the court shall deny plaintiff's motions for appointment of counsel.

<u>Conclusion</u>

The court shall deny plaintiff's motion for leave to amend the complaint.  Doc. No. 21.  The court shall grant plaintiff's motion to supplement.  Doc. No. 27.  But, the court finds that as supplemented, the complaint fails to state a plausible federal claim for relief.  The court declines to exercise jurisdiction over any state law claim which may be stated.  <u>Smith v. City of Enid ex rel. Enid City Comm'n</u>, 149 F.3d 1151, 1156 (10th Cir.1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").  The court also denies plaintiff's motions to appoint counsel.  Doc. Nos. 22 and 26.  Finally, the court directs that this case be dismissed.

**IT IS SO ORDERED.**

Dated this 1st day of July, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge