IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN CARTER BRADLEY,

                    Plaintiff,

vs.                                     Case No. 20-3082-SAC

DONALD ASH, et al.,

                    Defendants.


**O R D E R**

The court issued a screening order on May 15, 2020 directing
plaintiff to either show cause why his complaint should not be
dismissed or file an amended complaint.  Doc. No. 20.  Plaintiff's
time to respond was extended once to June 30, 2020.  Doc. No. 28.
Plaintiff filed a motion for leave to amend the complaint on May
20, 2020 and a motion to supplement the complaint on June 5, 2020.
Doc. Nos. 21 and 27.  In an order filed July 1, 2020, the court
denied plaintiff leave to amend.  Doc. No. 31.  The order also
granted the motion to supplement but found that as supplemented
the complaint failed to state a plausible federal claim for relief.
Therefore, this case was dismissed.  After this order was filed,
the Clerk of the Court received and docketed an amended complaint
from plaintiff.  Doc. No. 33.

The court shall treat the amended complaint as a motion for
reconsideration of the dismissal order under Fed.R.Civ.P. 59(e).

1

The court may alter or amend the judgment if plaintiff can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000).

<u>The amended complaint</u>

The amended complaint is written on a form for bringing a civil rights claim under 42 U.S.C. § 1983.  It makes the following claims.

> On June 16, 2020, Ms. Reed used force to throw plaintiff against a wall in handcuffs for no reason, causing harm to plaintiff's previously injured right thumb.[1]

> Mr. Ming hurt plaintiff's previously injured right thumb by handcuffing and uncuffing plaintiff and bumping into plaintiff's thumb through a food tray hole, causing swelling on May 27, 2020.

> On January 20, 2020, John Doe Nurse #1 had plaintiff sit in a waiting room a couple of minutes while plaintiff was in serious pain from a lacerated thumb.  Later this nurse squeezed plaintiff's thumb causing pain and directed a racial epithet at plaintiff.

> John Doe Nurse #2 told plaintiff he could take the pain, squeezed plaintiff's thumb, and asked why plaintiff messed with white girls.

> John Doe Nurse #3 ignored plaintiff's complaints.

> John Doe Nurse #4 squeezed plaintiff's thumb, said the thumb nail would fall off, and refused to put the thumb in a splint.

---

[1] The thumb was lacerated on January 20, 2020 when a cell door was shut on it.

2

John Doe Nurse #5 did not clip plaintiff's thumb nail which was yellowish in color.

Defendant D.D. waited longer than 7 days to answer a grievance and refused to order a tetanus shot for plaintiff.

Ms. Jones violated plaintiff's Eighth Amendment rights and acted with deliberate indifference to the risk of substantial injury by slamming a cell door on plaintiff's right thumb with excessive force.

Defendant Ash failed to train or supervise his subordinates.

Defendant Brown ignored plaintiff's requests for medical treatment.

The amended complaint states that all of these claims are negligence claims. The complaint alleges jurisdiction under 28 U.S.C. § 1343(3) which is a jurisdictional provision for § 1983 cases. The complaint does not allege diversity jurisdiction or facts which demonstrate diversity jurisdiction.

        The court shall not alter or amend the dismissal of this case.

        The court has previously cited case authority in a screening order to hold that plaintiff's negligence claims fail to state a cause of action under § 1983. Doc. No. 20, pp. 5-6 (citing Rost ex rel. K.C. v. Steamboat Springs RE-2 School Dist., 511 F.3d 1114, 1126 (10th Cir. 2008) and Weimer v. Schraeder, 952 F.2d 336, 338 n.2 (10th Cir. 1991)); see also Rascon v. Douglas, 718 Fed.Appx. 587, 590 (10th Cir. 2017)(standard of care in Eighth Amendment case is deliberate indifference not negligence); Atkins v. Sweetwater County Sheriff's Office, 463 Fed.Appx. 751, 755 (10th Cir.

2012)(negligence does not make a § 1983 case); J.W. v. Utah, 647 F.3d 1006, 1012 (10th Cir. 2011)(negligent supervision does not support a § 1983 claim).  In his amended complaint, plaintiff labels all of his claims as negligence claims.  Therefore, plaintiff has failed state a federal civil rights claim over which this court has jurisdiction under 28 U.S.C. § 1343(3).[2]

Even if plaintiff's claims were not treated as negligence claims, they fail to state a plausible action under § 1983 for the following reasons. First, Eighth Amendment excessive force claims have an objective and a subjective component: that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and that the officials acted with a sufficiently culpable state of mind. Serna v. Colo. Dept. of Corrections, 455 F.3d 1146, 1152 (10th Cir. 2006).  As the following cases indicate, with the exception of plaintiff's claim that a cell door was shut on his hand, he has not alleged facts plausibly showing that the force used against him surpassed the objective threshold for harm. See Marshall v. Milyard, 415 Fed.Appx. 850, 852 (10th Cir. 2011)(grabbing arm and digging fingernails in with enough force to injure); Rhoten v. Werholtz, 243 Fed.Appx. 364 (10th Cir. 2007)(rough treatment including being

---

[2] As already stated, plaintiff does not allege diversity jurisdiction.  Nor does he allege facts showing diversity jurisdiction over a state-law negligence claim pursuant to 28 U.S.C. § 1332.  The party who seeks to invoke federal jurisdiction has the burden of establishing that such jurisdiction is proper.  See Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002).

slammed against the wall, causing "great deal of discomfort and pain" but no evidence of injury, during pat down search); Norton v. City of Marietta, OK., 432 F.3d 1145, 1156 (10th Cir. 2005)(grabbing and twisting neck and "hurting it"); Tapia v. City of Albuquerque, 101 Fed.Appx. 795, 797-98 (10th Cir. 2004)(carried by arms, after tripping in leg chains, and thrown onto the floor of cell); Reed v. Smith, 1999 WL 345492 *4 (10th Cir. 1999)(rammed inmate against wall and half walked half dragged inmate to receiving and discharge); Leyba v. Strom, 2019 WL 4393399 *4-5 (D. Colo. 9/13/2019)(painful hit above right kneecap); Marshall v. Wiebe, 2018 WL 1806760 *7 (D. Kan. 4/17/2018)(slamming into cell wall and squeezing elbow while placing inmate in segregation); Perrian v. Coons, 2015 WL 1539022 *11-13 (D. Colo. 3/31/2015)(painful and bloody handcuffing procedure where inmate had a fused right wrist and slamming against wall – collecting cases). Plaintiff also fails to allege facts plausibly showing that defendants acted with a malicious or sadistic intent to cause harm. As the court stated in the initial screening order, this omission applies to plaintiff's claim regarding his injured thumb. Doc. No. 20, pp. 8-9. Plaintiff makes conclusory allegations that defendant Jones acted with deliberate indifference. He fails to allege facts showing that it was greater than a mere possibility that Jones' actions were anything more than negligence.

Second, to establish an Eighth Amendment claim for lack of proper medical treatment, plaintiff must allege facts showing: 1) a "sufficiently serious" deprivation, i.e., one diagnosed by a doctor as mandating treatment or one obviously needing a doctor's attention; and 2) knowledge of and disregard for an excessive risk to an inmate's health or safety, not an inadvertent or negligent failure to provide adequate care or a difference of opinion with medical personnel regarding diagnosis or treatment. Jensen v. Garden, 752 Fed.Appx. 620, 624 (10th Cir. 2018). As the court explained in the initial screening order (Doc. No. 20, pp. 7-11) and in the most recent order addressing plaintiff's motion to amend and motion to supplement (Doc. No. 31, pp. 5-6), plaintiff's allegations fail to demonstrate more than a mere difference of opinion with medical personnel regarding the treatment of medical issues, some of which do not rise to the level of seriousness to be objectively considered of constitutional dimension.

Third, the use of racial epithets or mockery is deplorable, but it is not a violation of § 1983 as the court explained in the first screening order. Doc. No. 20, p. 9.

Finally, the amended complaint's allegations against defendants Ash and Brown are vague and conclusory, and fail to describe a plausible constitutional violation. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(the court does not accept as true conclusory assertions or legal conclusions); Porro v. Barnes, 624

F.3d 1322, 1327 (10th Cir. 2010)(a defendant's supervisory status is not sufficient by itself to generate liability); <u>Stuart v. Jackson</u>, 24 Fed.Appx. 943, 955 (10th Cir. 2001)(bare allegations of a failure to train are insufficient to state a constitutional claim).

<u>Conclusion</u>

In conclusion, plaintiff's amended complaint fails to state a federal claim of relief and fails to support jurisdiction over any state law claim.  Therefore, it does not provide grounds for the court to alter or modify the judgment dismissing this case. Treated as a motion to alter or amend judgment, the amended complaint (Doc. No. 33) is denied.

**IT IS SO ORDERED.**

Dated this 9th day of July, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge